LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff*

14 CV 8491

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LESBY BANEGAS,
*on behalf of herself and others similarly situated,*

        Plaintiff,

        Case No.:

        COMPLAINT

v.

        **Jury Trial Demanded**

THE MIRADOR CORP. d/b/a EL REY DE COPAS,
MI RANCHO RESTAURANT BAR CORP. d/b/a
REY DE COPAS 2,
GUSTAVO RAMIREZ and
MARIO RAMIREZ,

        Defendants.

---

Plaintiff, LESBY BANEGAS, (hereinafter, "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Complaint against Defendants, THE MIRADOR CORP. d/b/a EL REY DE COPAS, MI RANCHO RESTAURANT BAR CORP. d/b/a REY DE COPAS 2 (together, the "Corporate Defendants"),

1

GUSTAVO RAMIREZ and MARIO RAMIREZ (together, the "Individual Defendants," and collectively with the Corporate Defendants, the "Defendants"), and states as follows:

## INTRODUCTION

1. This is a civil action based upon violations committed by the Defendants, THE MIRADOR CORP. d/b/a EL REY DE COPAS, MI RANCHO RESTAURANT BAR CORP. d/b/a REY DE COPAS 2, GUSTAVO RAMIREZ and MARIO RAMIREZ.

2. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA") that she is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and (4) attorneys' fees and costs.

3. Plaintiff further alleges that, pursuant to the New York Labor Law, she is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages, (4) statutory penalties and (5) attorneys' fees and costs.

4. Plaintiff further alleges that, pursuant to New York Human Rights Law. N.Y. Exec. Law §296, she is entitled to recover from Defendants for discrimination based on sex: (1) compensatory and punitive damages and (2) attorneys' fees and costs.

5. Plaintiff further alleges that, pursuant to New York City Human Rights Law, Administrative Code of the City of New York §8-107 *et seq*, she is entitled to recover from Defendants for discrimination based on sex: (1) compensatory and punitive damages and (2) attorneys' fees and costs.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and has supplemental jurisdiction over Plaintiff's state and local law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

8. Plaintiff, LESBY BANEGAS, is a resident of Bronx County, New York.

9. Upon information and belief, Corporate Defendant, THE MIRADOR CORP. d/b/a REY DE COPAS, is a domestic business corporation organized under the laws of New York, with a principle executive office, an address for service of process and a principal place of business located at 2712 WHITE PLAINS ROAD, BRONX, NEW YORK 10467. Upon information and belief, Corporate Defendant, MI RANCHO RESTAURANT BAR CORP. d/b/a REY DE COPAS 2, is a domestic business corporation organized under the laws of New York, with a principal executive office, an address for service of process and a principal place of business located at 519 E. 180th STREET, BRONX, NEW YORK 10457. Collectively the two are referred to hereinafter as the "Rey de Copas Restaurants." The Rey de Copas Restaurants operate as a single integrated enterprise. Specifically, the Rey de Copas Restaurants are engaged in related activities, share common ownership and have a common business purpose. Employees are freely transferred between locations and supplies are shared. The Rey de Copas Restaurants are commonly owned by the Individual Defendants.

10. Upon information and belief, Individual Defendants, GUSTAVO RAMIREZ and MARIO RAMIREZ, are the owners of Corporate Defendants, THE MIRADOR CORP. and MI RANCHO RESTAURANT BAR CORP. GUSTAVO RAMIREZ and MARIO RAMIREZ exercised control over the terms and conditions of Plaintiff's employment and those of similarly situated employees. With respect to Plaintiff and other similarly situated employees, they had the power to (i) fire and hire, (ii) determine rate and method of pay and (iii) otherwise affect the

3

quality of employment. Plaintiff was directly hired by MARIO RAMIREZ and fired by GUSTAVO RAMIREZ.

11. At all relevant times, Corporate Defendant, THE MIRADOR CORP., was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, Corporate Defendant, MI RANCHO RESTAURANT BAR CORP., was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the Defendants are "employers" that "employ" four or more "employees" within the meaning of the NYSHRL and NYCHRL, and are "employers" and "persons" within the meaning of Section 15(a) of the FLSA and Section 215 of the New York Labor Law.

14. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

15. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

16. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned minimum wages in direct contravention of the FLSA and the New York Labor Law.

17. At all relevant times, Defendants knowingly and willfully discriminated against Plaintiff based on her sex, in direct contravention of the New York Human Rights Law and New York City Human Rights Law, as amended.

18. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

19. At all relevant times herein, THE MIRADOR CORP. d/b/a EL REY DE COPAS was and is owned by GUSTAVO RAMIREZ and MARIO RAMIREZ and has a principal place of buesiness located at 2712 White Plains Road, Bronx NY 10467. MI RANCHO RESTAURANT BAR CORP. d/b/a REY DE COPAS 2 was and is also owned by GUSTAVO RAMIREZ and MARIO RAMIREZ and has a principal place of business located at 519 E 180th Street, Bronx, New York 10457.

20. In or around 2010, Defendant MARIO RAMIREZ hired Plaintiff as a bartender at El Rey de Copas, a restaurant operated by Defendants. In January of 2013, she was moved to Rey de Copas 2, where she worked until her termination. From the date of her hiring to May 1, 2013, Plaintiff was paid $25 per shift. From May 1, 2013 to January 1, 2014, Plaintiff was paid $40 per shift. From January 1, 2014 until May 15, 2014, when she was terminated, Plaintiff was paid $45 per shift.

21. From the date of her hiring until April 14, 2014, Plaintiff worked over forty (40) hours per week. Specifically, Plaintiff worked 6 days a week from 6pm to 4am.

22. Plaintiff became pregnant in February 2014.

23. Beginning on the week of April 14, 2014, when she was about seven weeks pregnant, Plaintiff's weekly hours were reduced by Defendants to 30 per week. Specifically, Plaintiff worked 3 days a week from 6pm to 4am. Plaintiff did not request such reduction in hours, and such reduction was instigated by Defendants due to her pregnancy even though Plaintiff was willing and able to adequately perform her job.

24. Plaintiff was terminated by Defendant MARIO RAMIREZ on May 15, 2014 because of her pregnancy.

25. Plaintiff was replaced by a non-pregnant employee.

26. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and other similarly situated employees.

27. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees.

28. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement or wage notice to Plaintiff and other similarly situated employees, in violation of the New York Labor Law. Plaintiff did not receive any wage statements during her period of employment with Defendants.

29. Defendants made improper deductions from Plaintiff's tips and those of other similarly situated employees and took an improper tip credit given Defendants' failure to: (i) provide proper notice to Plaintiff and other similarly situated employees of their tipped credit minimum wage rate and the proper overtime rate thereon, (ii) maintain records of tips earned by Plaintiff and other similarly situated employees, (iii) provide proper wage statements to Plaintiff and other similarly situated employees showing deductions, as required under New York State law.

30. Defendants knowingly and willfully operated their business with knowledge that Plaintiff was being discriminated against based on sex.

31. Defendants caused disparate treatment towards Plaintiff due to her sex. Her employment was terminated because she became pregnant.

32. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

33. As a result of the Defendants' discriminatory treatment of Plaintiff, she suffered severe emotional and physical distress.

34. As a result of the acts and conduct complained herein, Plaintiff has suffered and will continue to suffer the loss of income, loss of salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered lost income, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

35. Plaintiff retained Lee Litigation Group, PLLC to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. Plaintiff realleges and reavers Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and other similarly situated employees are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

38. At all relevant times, Defendants employed Plaintiff and others similarly situated within the meaning of the FLSA.

39. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

40. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for her hours worked in excess of forty hours per workweek.

41. Defendants failed to pay Plaintiff and other similarly situated employees overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

42. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and other similarly situated employees for their hours worked.

43. Defendants failed to pay Plaintiff and other similarly situated employees the minimum wages in the lawful amount for their hours worked.

44. Defendants willfully violated Plaintiff's rights and those of similarly situated employees by failing to pay them minimum wages in the lawful amount for hours worked. Defendants were not entitled to take any tip credits under the FLSA, because they failed to properly provide notice to Plaintiff and other similarly situated employees that Defendants were taking a tip credit, rendering the tip credit invalid in respect to Plaintiff and other similarly situated employees.

45. Records, if any, concerning the number of hours worked by Plaintiff and other similarly situated employees and the actual compensation paid to Plaintiff and other similarly

situated employees are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for her hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

47. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and other similarly situated employees their minimum wages in the lawful amount for hours worked when Defendants knew or should have known such was due.

48. Defendants failed to properly disclose or apprise Plaintiff and other similarly situated employees of their rights under the FLSA.

49. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and other similarly situated employees are entitled to liquidated damages pursuant to the FLSA.

50. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and other similarly situated employees suffered damages in an amount not presently ascertainable of unpaid overtime wages, unpaid minimum wages plus an equal amount as liquidated damages.

51. Plaintiff and other similarly situated employees are entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

52. Plaintiff realleges and reavers Paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

54. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

55. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked. Defendants were not entitled to take any tip credits under the NYLL, because they (i) failed to properly provide notice to Plaintiff that Defendants were taking a tip credit in violation of the NYLL, (ii) failed to provide proper wage statements informing Plaintiff of the amount of tip credit taken for each payment period in violation of the NYLL, (iii) failed to keep daily records of the amount of tips received by Plaintiff.

56. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff, in violation of the New York Labor Law. Defendants are required to provide itemized listings of deductions taken on each wage statement.

57. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff hourly, in violation of the New York Labor Law because Plaintiff is a non-exempt employee who must be paid on an hourly basis.

58. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid overtime, unpaid minimum wages, statutory penalties, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## COUNT III

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

### (SEX DISCRIMINATION)

59. Plaintiff realleges and reavers Paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60. New York Executive Law § 296 prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's sex.

61. New York Executive Law § 296 provides the same protections as Title VII with regard to pregnancy discrimination. *See Quartarino v. Tiffany & Co.*, 71 F.3d 58, 63 (2d Cir. 1995).

62. Plaintiff is an employee and a qualified person within the meaning of the New York State Human Rights Law ("NYSHRL") and Defendants are covered employers under the NYSHRL.

63. Defendants operated a business that discriminated against Plaintiff in violation of the NYSHRL by reducing Plaintiff's hours and then terminating her because of her pregnancy.

64. Defendants knowingly and willfully violated the New York State Human Rights Law, as amended, because Defendants terminated the employment of Plaintiff on the basis of her sex.

11

65. Due to Defendants' violations under The New York State Human Rights Law, as amended, based on discrimination of the basis of sex, Plaintiff is entitled to recover from Defendants: (1) compensatory and punitive damages and (2) attorneys' fees and costs.

## COUNT IV

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

(DISCRIMINATION)

66. Plaintiff realleges and reavers Paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

68. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her gender/sex.

69. Plaintiff is an employee and a qualified person within the meaning of the NYCHRL and Defendants are covered employers under the NYCHRL.

70. Defendants operated a business that discriminated against Plaintiff BANEGAS in violation of the NYCHRL by reducing Plaintiff's hours and unlawfully terminating her because of her pregnancy.

71. Defendants willfully violated The New York City Human Rights Law, as amended. They were aware of the blatant discrimination based on sex and yet failed to correct or reprimand the instigators of such harassing conduct.

72. Defendants knowingly and willfully violated the New York City Human Rights Law, as amended, because Defendants terminated the employment of Plaintiff on the basis of her sex.

## COUNT V
## DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (SUPERVISOR LIABILITY)

73. Plaintiff realleges and reavers Paragraphs 1 through 72 of this Complaint as if fully set forth herein.

74. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

        (1) the employee or agent exercised managerial or supervisory responsibility; or

        (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and

appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

75. Defendants violated the section cited herein as set forth.

76. At all relevant times, Defendants operated a business that discriminated against Plaintiff BANEGAS, on the basis of her sex.

77. Defendants willfully violated the New York City Human Rights Law, as amended. They were aware of blatant discrimination based on sex and yet failed to correct or reprimand the instigators of such harassing conduct.

78. Due to Defendants' violations under The New York City Human Rights Law, as amended, based on discrimination of the basis of sex, Plaintiff, BANEGAS, is entitled to recover from Defendants: (1) compensatory and punitive damages and (2) attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that Defendants engaged in unlawful employment practices under the FLSA, New York Labor Law, New York Executive Law § 296 *et seq.*, and the New York City Administrative Code § 8-107 *et seq.*

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of damages to Plaintiff, retroactive to the date of her discharge and prior, for all lost wages and benefits, past and future, back and front pay, resulting from Defendants' unlawful employment practices and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

f. An award of compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

g. An award of punitive damages;

h. An award of statutory penalties, and prejudgment and post judgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems equitable, just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 23, 2014

                        Respectfully submitted,

                        LEE LITIGATION GROUP, PLLC
                        C.K. Lee, Esq.
                        Anne Seelig, Esq.
                        30 East 39th Street, Second Floor
                        New York, NY 10016
                        Tel.: 212-465-1188
                        Fax: 212-465-1181
                        *Attorneys for Plaintiff*

By: _____
       C.K. Lee, Esq. (CL 4086)