Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between LESBY BANEGAS ("CLAIMANT"), and THE MIRADOR CORP. d/b/a EL REY DE COPAS, MI RANCHO RESTAURANT BAR CORP. d/b/a REY DE COPAS 2, GUSTAVO RAMIREZ and MARIO RAMIREZ along with any and all related and/or affiliated companies (collectively the "COMPANY") (CLAIMANT and  the COMPANY are jointly referred to in this Settlement Agreement as the "Settling Parties"), as of September 8, 2015.

## RECITALS

A.   WHEREAS, on or about October 23, 2014, CLAIMANTS filed an action (the "Action") against COMPANY alleging, *inter alia*, that COMPANY failed to pay them certain wages due in connection with services they performed on its behalf. The aforementioned Action is currently pending in the United States District Court, Southern District of New York, Case No. 14 CV 8491;

B.   WHEREAS, no court has considered or determined the claims presented;

C.   WHEREAS, COMPANY admits no wrongdoing, nor any liability with respect to CLAIMANT'S allegations;

D.   NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## AGREEMENT

1.   Consideration.  The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. CLAIMANT agrees that she will not seek any further consideration from COMPANY, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement.

2.   Settlement Compensation and Full General Release.

COMPANY agrees to pay CLAIMANT the settlement amount of $9,000 as follows:

a)   On or before September 1, 2015, COMPANY shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016 (or any other address provided by CLAIMANT's counsel), a certified check in the amount of $2,700, without any deductions or withholdings, payable to "Lesby Banegas".

b)   On or before September 1, 2015, COMPANY shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016 (or any other address provided by CLAIMANT's counsel), a certified check in

the amount of $1,800, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

c) On or before November 20, 2015, or 10 days after Court approval of the settlement, which ever is later, COMPANY shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016 (or any other address provided by CLAIMANT's counsel), a certified check in the amount of $2,700, without any deductions or withholdings, payable to "Lesby Banegas".

d) On or before November 20, 2015, or 10 days after Court approval of the settlement, which ever is later, COMPANY shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016 (or any other address provided by CLAIMANT's counsel), a certified check in the amount of $1,800, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

For and in consideration of the payments provided for in this Paragraph 2, subject to the terms and provisions of this Settlement Agreement, CLAIMANT irrevocably and unconditionally releases and forever discharges COMPANY, including each of its current and former parent corporations, subsidiary and affiliated companies, divisions, related companies, partnerships, joint ventures, predecessors, successors, assigns, holding companies, officers, directors, shareholders, employees, attorneys and agent, from any and all charges, complaints, and liabilities of any kind whatsoever, known or unknown, supected or unsuspected (hereinafter referred to as "claim" or claims") which CLAIMANT at any time has, had or claimed to have against COMPANY regarding events that have occurred as of the Effective Date of this Agreement, including, without limitation, any and all claims related or in any manner incidental to this Litigation, CLAIMANT'S employment or termination, or any liability under any contract, tort, federal, state or local fair employment practices or civil rights or any other law, including, but not limited to the New York State Human Rights Law §296, New York City Human Rights Law §8-107 et seq., Discrimination under the New York City Administrative Code §8-107(13), the Fair Labor Standards Act 29 U.S.C. §§201 et seq., New York State Labor Law §663, New York City Labor Law, or any and all common law claims, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any type of Discrimination claims, or any claim for attorneys' fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity, except that nothing in this Agreement shall operate to preclude CLAIMANT from enforcing, or shall adversely affect her right or ability to enforce, this agreement.

3.    <u>Cooperation.</u>  CLAIMANT and COMPANY mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other.

4.    <u>Entire Agreement.</u>  This Settlement Agreement constitutes the complete understanding of the Settling Parties. No other promises or agreements shall be binding unless agreed to in writing and signed by the parties or authorized representatives of the parties.

5.    <u>Headings.</u>  The Settling Parties understand and agree that the headings in this Settlement Agreement are for their convenience only, and have no legal significance.

6.    <u>Counterparts.</u>  This Settlement Agreement may be executed in any number of counterparts, and may be signed via facsimile or electronically, and each such counterpart shall be deemed to be an original instrument but all such counterparts shall constitute one Agreement.

7.    <u>Governing Law.</u>  This Settlement Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the exclusive personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enfore this Agreement.

8.    <u>Enforceability.</u>  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable. A failure by CLAIMANT to execute a valid and enforceable release within twenty-one (21) days of COMPANY request shall result in CLAIMANT'S full return to COMPANY of the full settlement amounts paid under this Agreement, along with any reasonable attorney's fees and costs that COMPANY may incur.

9.    <u>Notices.</u>  Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and facsimile transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiff:

LEE LITIGATION GROUP, PLLC
C.K. Lee, Esq.
Anne Seelig, Esq.
30 East 29th Street. Second Floor
New York, NY 10016
(212) 465 – 1188 (phone)
(212) 465 – 1181 (fax)

To Defendants:

Michael K. Chong, Esq.
Law Offices of Michael K. Chong, LLC
2 Executive Drive, Ste. 720
Fort Lee, NJ 07024
201-708-6675 (phone)
201-708-6676 (fax)

10.    Representations and Acknowledgements.

A.    CLAIMANT represents that she has consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between her attorneys and the attorneys for the COMPANY. CLAIMANT further represents that:

(a)    She has reviewed each and every provision of this Agreement;

(b)    The Agreement has been explained to her by her attorneys;

(c)    That this Agreement appears to her to have been written in a manner calculated to be understood by her; and,

(d)    She does in fact fully understand this Agreement, including the release of claims.

B.    CLAIMANT also represents that she voluntarily and knowingly enters into this Agreement of her own free will.

C.    CLAIMANT further represents that neither the Releasees nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that their decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that they have been fairly represented by their attorneys throughout these proceedings.

11.    No-Admissions.

A.    CLAIMANT agrees that the COMPANY is entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation.  CLAIMANT understands that by entering into this Agreement, the COMPANY does not acknowledge or admit in any way that CLAIMANT'S claims in the Complaint have any merit, or that the

4

COMPANY engaged in any wrongdoing against CLAIMANT or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

B.      Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by CLAIMANT in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the COMPANY of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the COMPANY that CLAIMANT has suffered any damage.  Additionally, CLAIMANT agrees that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

12.     <u>No Entry By Claimant</u>.  CLAIMANT hereby covenants and agrees not to enter the COMPANY'S establishment and/or premises under any circumstances.  CLAIMANT further covenants and agrees not to contact the COMPANY'S employees at the COMPANY'S establishment and/or premises, unless CLAIMANT first receives the prior written consent of the COMPANY.

13.     <u>Dismissal of Litigation</u>.  CLAIMANT shall file, within five (5) business days of receipt of payment, a Stipulation of Dimissal with Prejudice with the Court in this action.  In the event that additonal documentation is needed to terminate the Litigation, CLAIMANT shall execute and submit all documents required to terminate such proceedings.

[Remainder of Page Intentionally Left Blank]

**WHEREFORE,** the parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

**PLAINTIFF:**

_Lesby Banegas_ (signature)
**LESBY BANEGAS**

**DEFENDANTS:**

**THE MIRADOR CORP.**

By: _(signature)_
Name: EDELMIRA   RAMIREZ
Title: PRESIDENT/OWNER

**MI RANCHO RESTAURANT BAR CORP.**

By: _Mario Ramirez_ (signature)
Name: MARIO   RAMIREZ
Title: PRESIDENT / OWNER

_(signature)_
**GUSTAVO RAMIREZ**

_Mario Ramirez_ (signature)
**MARIO RAMIREZ**

6