USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lesby Banegas,

                Plaintiff,

    –v–

The Mirador Corp., et al.,

               Defendants.

14-cv-8491 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    On October 23, 2014, Plaintiff Lesby Banegas filed a complaint in the Southern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New York Labor Law ("NYLL"), Art. 19 § 650 *et seq.*, and state and local antidiscrimination laws. Dkt. No. 1 ("Compl."). The Court approved the settlement on May 17, 2017, finding that the settlement was fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Dkt. No. 34. According to Plaintiff, however, Defendants never paid the agreed-upon sums. Presently before the Court is Plaintiff's motion to enforce the settlement agreement. Dkt. No. 36. Plaintiff's motion is DENIED without prejudice.

    **I.    Background**

    The Court assumes the parties' familiarity with the matter. As noted in the introduction, this litigation began in October 23, 2014, when Plaintiff Lesby Banegas alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New York Labor Law ("NYLL"), Art. 19 § 650 *et seq.*, and state and local antidiscrimination laws. Dkt. No. 1. On August 21, 2015, the parties reported that they had reached a settlement. Dkt. No. 23. The Court

1

instructed the parties to submit their settlement, along with a joint letter explaining why the settlement should be approved, so that the Court could review the settlement to ensure that it is fair and reasonable, in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  Dkt. No. 24.  After reviewing the parties' submissions, the Court declined to approve the settlement, citing a number of concerns. Dkt. No. 28.  On May 20, 2016, the parties resubmitted the settlement, addressing each of the Court's concerns.  *See* Dkt. No. 33.  The Court then approved the settlement on May 17, 2017, finding the settlement fair and reasonable.  Dkt. No. 34.

On March 26, 2020, Plaintiff filed a motion to enforce the settlement.  Dkt. No. 36.  By way of a sworn attorney declaration submitted along with the motion, Plaintiff contends that Defendants never satisfied their end of the settlement agreement and never conveyed the agreed-upon funds.  *See* Dkt. No. 37.  After the Court ordered Defendants to respond, Defendants' former counsel responded that his representation ended upon approval of the settlement by the Court; he also advised that the owner of the defendant business has since died and the defendant business has closed. Dkt. Nos. 39, 40.  The Court then ordered Defendants' former counsel to serve its order on the remaining Defendants and to file proof of service on the public docket, and it ordered the remaining Defendants to respond to Plaintiff's motion by July 24, 2020.  Dkt. No. 42.  It expressly warned those Defendants that failure to respond in a timely fashion would lead to the Court deeming Plaintiff's motion unopposed.  *Id.*  On July 9, 2020, the Court again ordered Defendants' former counsel to file proof of service with the Court.  Dkt. No. 43.  Defendants' former counsel did so the following day by filing an affidavit of service.  Dkt. No. 44.  No Defendant ever responded.


## II.     Legal Standard

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, [] which is not to be expanded by judicial decree." *Id.* (citations omitted). Federal courts must determine whether subject matter jurisdiction is present—*sua sponte* if necessary—and dismiss if it is lacking. *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008).

"Actions to enforce settlement agreements are, in essence, contract actions which are governed by state law and which do not themselves raise a federal question unless the court which approved the settlement retained jurisdiction." *Thurston v. Flyfit Holdings, LLC*, No. 18-CV-9044 (PAE) (SN), 2020 WL 2904065, at *2 (S.D.N.Y. June 3, 2020) (citing *LaBarbera v. Dasgowd, Inc.*, No. 03-CV-1762 (CPS), 2007 WL 1531895, at *2 (E.D.N.Y. May 22, 2007)). As a result, where a party seeks to enforce a settlement agreement, the basis for subject matter jurisdiction "may be found in the doctrine of ancillary jurisdiction, which allows a district court to decide matters that are 'factually interdependent' with another matter before the court, or to take actions necessary 'to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (quoting *Kokkonen*, 511 U.S. at 379–80).

Retention of ancillary jurisdiction does not happen automatically. Instead, to retain ancillary jurisdiction to enforce a settlement agreement, "a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." *Id.* (citing *Kokkonen*, 511 U.S. at 381). "In such cases the district court 'necessarily makes compliance with the terms of the settlement agreement

a part of its order so that a breach of the agreement would be a violation of the order.'" *Thurston*, 2020 WL 2904065, at *2 (quoting *StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 305 (2d Cir. 2014) (alterations in original)).  When a district court has done so, it may "enforce the settlement as an exercise of its ancillary jurisdiction."  *StreetEasy, Inc.*, 752 F.3d at 305.

As the Supreme Court has admonished, "mere awareness and approval of the terms of [a] settlement agreement do not suffice to make them part of [its] order."  *Kokkonen*, 511 U.S. at 381.  Nor does a court retain jurisdiction by "plac[ing] its 'judicial imprimatur' on the agreement."  *Thurston*, 2020 WL 2904065, at *2 (quoting *Hendrickson*, 791 F.3d at 358–59).  So where an order approving a settlement agreement lacks language "explicitly expressing intent to retain jurisdiction or to incorporate the terms of the parties' settlement agreement, courts generally decline to enforce settlement agreements."  *Id.* (collecting cases); *c.f. Hendrickson*, 791 F.3d at 360–61.

### III.   Discussion

Before the Court reaches the merits of Plaintiff's motion, it must assure itself that it has jurisdiction to grant the requested relief.  Applying the standards above to the present case, however, the Court is skeptical that it has jurisdiction to enforce the settlement agreement at issue.  As already noted, actions to enforce settlement agreements are contract actions that are "governed by state law and which do not themselves raise a federal question."  *Thurston*, 2020 WL 2904065, at *2.  The Court's May 17, 2017 Memorandum & Order, in which it approved the Settlement after finding it to be fair and reasonable, contains no language either expressly retaining jurisdiction over the agreement or incorporating the terms of the agreement into the order.  *See Hendrickson*, 791 F.3d at 358, 360–61.  It did not address the retention of jurisdiction at all.  "Nor is there any suggestion in *Cheeks* that by mandating review of FLSA settlements, the

Second Circuit Court of Appeals was creating federal jurisdiction over enforcement of all such agreements." *Mao v. Mee Chi Corp.*, No. 15-CV-1799 (JCF), 2016 WL 675432, at *1 (S.D.N.Y. Feb. 11, 2016). Indeed, as observed by one court, "[i]n the context of FLSA settlements approved as fair and adequate under Cheeks, courts have repeatedly denied motions to enforce where the dismissal order did not contain language expressly retaining jurisdiction or incorporating the terms of the settlement agreement." *Daoquan Bi v. Guan Dong Yi Jia, Inc.*, No. 17-CV-6563 (RML), 2020 WL 4059645, at *2 (E.D.N.Y. July 20, 2020) (collecting cases).

While the settlement agreement includes language that "[t]he parties consent and stipulate to the exclusive personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement[,]" Dkt. No. 26-1 ¶ 8, this, too, fails to confer subject matter jurisdiction on this Court. *See Thurston*, 2020 WL 2904065, at *3 ("The parties' stipulation to the personal jurisdiction of the district court that approved the settlement similarly has no bearing on whether the court has retained ancillary jurisdiction over enforcement. . . . Stipulation to the district court's subject matter jurisdiction over enforcement proceedings is similarly futile."); *Melchor*, 2016 WL 3443649, at *8 ("Subject matter jurisdiction, unlike personal jurisdiction, cannot be created by agreement, consent, or any other act of a party.").

As noted, in her motion to enforce the settlement agreement, Plaintiff does not address whether the Court has subject matter jurisdiction. Because Plaintiff has not had an opportunity to brief whether this Court retained subject matter jurisdiction, however, the Court will give Plaintiff an opportunity to address the issue. Thus, Plaintiff may show cause in writing why this Court retained jurisdiction to enforce the settlement agreement within two weeks of this Order.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion is DENIED without prejudice to renewal. Within two weeks of this Order, Plaintiff may show cause in writing why this Court retained jurisdiction to enforce the agreement when it approved the settlement. The Clerk of Court is respectfully directed to terminate Dkt. No. 36.

SO ORDERED.

Dated: March 17, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge